**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

SLEEP TESTING CENTER OF BRADENTON, L.L.C.,    *    CIVIL ACTION
ET AL.                                        *
                                              *
VERSUS                                        *    NO. 10-1924
                                              *
PETER L. FORT, M.D., P.A., ET AL.             *    SECTION "B"(2)

<u>ORDER AND REASONS</u>

Before the Court are four motions filed by Defendants Peter L. Fort, M.D. ("Dr. Fort") and Peter L. Fort, M.D., P.A. ("PFMDPA")[1], they are (1) Defendant Dr. Fort's Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. No. 14); (2) Defendant Dr. Fort's Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted (rec. Doc. No. 15); (3) Defendant PFMDPA's Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. NO. 17); and (4) Defendant PFMDPA's Motion to Sever (Rec. Doc. No. 18)

For the reasons pronounced below, **IT IS ORDERED** that the foregoing motions are **DENIED.**

I. *Cause of Action and Facts of Case*

This breach of contract action arises out of two agreements, both executed on September 16, 2009. (Rec. Doc. No. 14-2 at 2). The first agreement, titled the Asset Purchase Agreement ("APA") was entered into by Sleep Testing Center of Bradenton, L.L.C.

_____

[1]Dr. Fort is a resident of Manatee Country, Florida and President of PFMDPA, a Florida Corporation. (Rec. Doc. No. 14-1 at 1).

1

("Bradenton") and Peter L. Fort, M.D., P.A.  (Rec. Doc. No. 14-1 at 6-14).   Bradenton purchased assets, and "the billing, management, and operation of Seller's Sleep Center."[2]  *Id.* at 6. The second agreement, titled the Services Agreement ("S.A.") was entered into by Sleep Testing Center of Westchase, L.L.C. d/b/a Restore Sleep Centers ("Westchase"), and PFMDPA.[3]  PFMDPA agreed to act as Medical Director for Westchase and "from time to time [for] . . . certain entities that are affiliated with [Westchase]. (Rec. Doc. No. 14-1 at 17).   Importantly, the APA contains a "Governing Law" provision or forum selection clause, which the S.A. does not.  *Id.* at 6-23.

The APA's forum selection clause, found at paragraph nineteen and titled "Governing Law" reads as follows:

> XIX.    **<u>Governing Law</u>**:  This Agreement shall be construed and enforced in accordance with the laws of the State of Louisiana (without regard to the provisions thereof which concern conflicts of laws). Any proceeding relating to the interpretation or enforcement of this Agreement shall be brought in state or federal courts located in the State of Louisiana and, in that connection, each of the Parties hereto hereby consent and submit to the jurisdiction of such courts.

---

[2]Those assets included "leasehold rights, all technology, computer software, source code and information systems, proprietary rights, licenses and permits (to the extent assignable), general intangibles, goodwill and telephone numbers used in or related to the operation of [PFMDPA]'s 'Sleep Center.'"  (Rec. Doc. No. 26 at 2).

[3]Defendants have attached a copy of both the APA and the S.A. to each of the four instant motions; however, for sake of ease, this memo will refer to the copies attached to Rec. Doc. No. 14, the APA is found at Rec. Doc. No. 14-1 at 6-16 and the S.A. is found at Rec. Doc. No. 14-1 at 17-23.

Rec. Doc. No. 14-1 at 13-14.

## II. *Contentions of the Parties*

A. *Dr. Fort's Motion to Dismiss Pursuant to FRCP 12(b)(2)*

### 1. *Contentions of Movant*

Movant contends that, as the APA is the only agreement containing a forum selection clause, and as that agreement was entered into by Peter Gremillion as President of the buyer, Bradenton and by Dr. Fort as President of PFMDPA, this court has jurisdiction solely over claims of either Bradenton or PFMDPA arising out of the APA. (Rec. Doc. NO. 14-2 at 2-3).

Therefore, Movant requests the court dismiss all claims against Dr. Fort in his individual capacity as "Plaintiffs made no contention in their Petition for Damages that the State of Louisiana has jurisdiction over [Dr. Fort], individually, and the forum selection clause . . . in the [APA] was not part of an agreement entered into by [Dr. Fort] individually. (Rec. Doc. No. 14-2 at 3). Movant submits that Respondents have failed to meet their burden of establishing minimum contacts between Dr. Fort and the forum state sufficient to allow a Louisiana court to exercise personal jurisdiction. (Rec. Doc. No. 14-2 at 3). As such, Movant contends that exercise of personal jurisdiction "violates due process as protected by the United States Constitution and its

amendments."  (Rec. Doc. No. 14 at 1).

    2. *Contentions of Respondents*

    Respondents main contention is twofold (1) that the forum selection clause found in the APA was "inadvertently omitted" from the S.A., and (2) that "[w]hile the [S.A.] is silent as to choice of forum, Westchase contends it was the intent of the parties for all disputes arising from both [] to be heard in Louisiana, and that the omission of such a provision was an oversight."[4] (Rec. Doc. No. 26 at 4).  Respondents admit the S.A. was executed by different parties; immediately following the execution of the APA, Peter Gremillion "this time on behalf of Westchase (an affiliate of Bradenton), and Dr. Fort, again on behalf of [PFMDPA], executed [the S.A.]." *Id*. at 3.

    Respondents point to portions of each contract to show "significant intertwining" to support their position that, as Mr. Gremillion "entered into two contracts with [PFMDPA] on behalf of his two affiliate companies, respectively . . . the two contracts comprise one transaction for purposes of the parties' overall goals." *Id*. at 4-5.  Respondents further assert that those goals can only be accomplished via performance of both contracts.  *Id*. Specifically, Respondents point first to a portion of the S.A.

---

[4]In the affidavit of Paul Gremillion, he states that the "omission of an express provision evidencing my and [Dr. Fort's], on behalf of [PFMDPA], consent to personal jurisdiction in Louisiana for disputes arising under or related to the [S.A.] was an oversight and was meant to be included in said agreement."  (Rec. Doc. No. 30-2 at 1-2).

describing PFMDPA's compensation for services stating "[Westchase] agrees to pay Medical Director $160.00 per case/reading of sleep studies . . . ."  and then to a sentence in a section of the APA listing "Representations and Warranties of Seller" stating "Buyer to pay seller, as per Medical Director Agreement, $160.00 per interpretation conducted by seller."  (Rec. Doc. No. 14-1 at 8, 17).  In addition to that "link" between the contracts, other portions of the S.A. do reference Westchase "and any such affiliates" or the relationship between PFMDPA and Westchase "or any of its affiliates and [PFMDPA]".  *Id* at 17.

Respondents next contend that this court may exercise personal jurisdiction over Dr. Fort under the forum selection clause contained in the APA "if the facts reveal Dr. Fort converted funds held in trust by PFMDPA for the benefit of Bradenton in breach of the [APA] under a theory of piercing the corporate veil.  (Rec. Doc. No. 26 at 5-7).  Finally, Respondents reiterate that for "reasons of intertwinement and effect of contracts as one transaction, [PFMDPA]'s consent to personal jurisdiction in Louisiana for disputes arising under the [APA] should be and is applicable to disputes arising under the [S.A.]."  (Rec. Doc. No. 26 at 6).

B. *Dr. Fort's Motion to Dismiss Pursuant to FRCP 12(b)(6)*

   1. *Contentions of Movant*

   Movant seeks dismissal of Respondents' petition for damages

5

against him individually as Movant contends Plaintiffs' petition states no cause of action against Dr. Fort individually and the action arises out of two contracts to which individually, Dr. Fort was not a party.  (Rec. Doc. No. 15-2 at 3).  As such, Movant alleges that Respondents have failed to state a cause of action against Dr. Fort and he should be dismissed from the action. (Rec. Doc. No. 15-2 at 2-3).

2. *Contentions of Respondents*

Respondents' contentions are almost identical to those made in opposition to Dr. Fort's Motion to Dismiss Pursuant to FRCP 12(b)(2) discussed *supra*.  Respondents contend that at the time of execution of the contracts, Movant knew Bradenton was an affiliate of Westchase and references the same portions of the APA and the S.A. in an attempt to prove that "the parties intended that these two contracts would form the basis of a singular transaction which would effectuate the parties' goals . . . ."  (Rec. Doc. No. 25 at 2).

Additionally, Respondents rebut Movant's assertion that they have not stated a cause of action against Dr. Fort individually by pointing to the paragraph of the complaint listing both PFMDPA and Dr. Fort as defendants and the section alleging that "Fort" has failed to forward payments made to "Fort" directly for services rendered by Bradenton as Bradenton invoiced those services using Defendants' Tax identification number and billing numbers.  The

complaint states that "[d]espite Bradenton's amicable demand to
*Fort* to forward said payments . . . to Bradenton, *Fort* has failed
to do so and . . . converted said funds to its/his own use." *Id*.
at 3.   Respondents state that, if discovery reveals Dr. Fort
converted the funds to his own use as they contend is alleged in
the complaint, Dr. Fort's individual liability "for breach of
contracts entered into by [PFMDPA] could also be proven by
piercing the corporate veil." (Rec. Doc. No. 25 at 6).

C. *PFMDPA's Motion to Dismiss Pursuant to FRRCP 12(b)(2)*

   1. *Contentions of Movant*

   Movant seeks dismissal of all claims by Sleep Testing Center
of Westchase, L.L.C. d/b/a Restore Sleep Centers ("Westchase") as
Westchase was only party to the S.A.   (Rec. Doc. No. 17-2 at 3).
Movant contends that Westchase cannot assert a claim arising out
of the APA as it was not a party to that agreement and that, as
the S.A. lacks a forum selection clause, Respondents have failed
to meet their burden of establishing minimum contacts between
PFMDPA and the forum state sufficient to allow a Louisiana court
to exercise personal jurisdiction.   *Id*. at 4.   Movant adds that
"despite the fact that a Defendant may be party to a contract with
a Louisiana resident, such does not give rise to jurisdiction. The
mere fortuity of the Plaintiff happening to be a resident of
Louisiana is insufficient." (Rec. Doc. No. 17-2 at 4) (citing

*Patterson v. Dietze, Inc.*, 764 F.2d 1145 (5th Cir. 1985).

    2. *Contentions of Respondents*

    Respondents' repeat their recitals of "intertwinement", "parties' intention" and "lack of [a forum selection clause in the S.A.] was an oversight" as discussed *supra*. (Rec. Doc. No. 27 at 1-6).

D. *PFMDPA's Motion to Sever Actions Due to Misjoinder*

    1. *Contentions of Movant*

    Movant contends that the Respondents' cause of action arises out of separate contracts, that there is "no allegation that the claims overlap in any way and each cause of action is improperly joined and as authorized  in [FRCP] 21, these separate actions should be severed." (Rec. Doc. No. 18-2 at 3). Movant rejects what it calls Respondents' contention that, as the APA, executed by PFMDPA and Bradenton contains a forum selection clause that this "somehow allows the separate action to be filed by [Westchase] against Dr. Fort in the State of Louisiana." *Id*. After citing FRCP 20(a), movant submits that the alleged breaches of contract are separate events and "the terms of the agreement do not overlap . . . . [that] the issues of law are different as is the relief being sought and the evidence which must be presented." *Id.*

    2. *Contentions of Respondents*

Respondents again contend that PFMDPA "knew at the time it entered into the [APA and S.A.] that Bradenton was an affiliate of Westchase as evidenced by" the portions of the two documents discussed *supra* regarding the $160.00 payment to PFMDPA as Medical Director per "reading of sleep studies." (*see* Rec. Doc. No. 14-1 at 8, 17). Respondents state that the relief "requested by Westchase and Bradenton together, concerning the failure of [PFMDPA] and Dr. Fort to perform under the [S.A.], and relief requested by Bradenton individually, concerning the failure of [PFMDPA] and Dr. Fort to tender monies due and owning which Bradenton believes [PFMDPA] and Dr. Fort converted for it or his own use are logically related events comprising a 'transaction or occurrence' or 'series of transactions or occurrences.'" (Rec. Doc. No. 23 at 7). Thus, Respondents submit the claims are properly joined under the FRCP and should not be severed.

III. *Law and Analysis*

A.   <u>12(b)(2) Standard</u>

Where a motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure is filed, a plaintiff must establish the court's personal jurisdiction over the defendant. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.1994). Where the court, as in the case *sub judice* rules without conducting an evidentiary hearing, the plaintiff bears the burden of

establishing a *prima facie* a case that the court has the requisite jurisdiction over the defendant.   *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir.2008).   The Court must accept as true all allegations in the complaint, resolving factual conflicts in favor of the plaintiff.   *Luv N' Care v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).

A federal court may exercise jurisdiction over a nonresident defendant only if (1) the long-arm statute of the forum state confers personal jurisdiction over the defendant; and (2) the exercise of jurisdiction by the forum state is consistent with due process under the U.S. Constitution.   *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006).   Given that Louisiana's long-arm statute is co-extensive with the limits of constitutional due process, the court must decide whether this Court's exercise of jurisdiction over Defendants would offend the Due Process Clause of the Fourteenth Amendment.   *Seatrepid Louisiana, LLC v. Richard Phillips Marine, Inc.*, 2009 U.S. Dist. LEXIS 46274, at *9 (E.D. La. May. 14, 2009).   A court may exercise personal jurisdiction over a nonresident defendant if the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."   *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

10

Here, there exist sufficient minimum contacts between
Defendants and the forum state, along with substantial
interrelationship and a logical nexus between the APA and the
S.A., including the intent of the parties to submit themselves to
Louisiana law and forums such that exercise of jurisdiction over
Defendants does not offend traditional notions of fair play and
substantial justice.

B.   12(b)(6) Standard

When reviewing a motion to dismiss, courts must accept all
well-pleaded facts as true and view them in the light most
favorable to the non-moving party.  *Baker v. Putnal*, 75 F.3d 190,
196 (5th Cir. 1996).  However, "[f]actual allegations must be
enough to raise a right to relief above the speculative level."
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "'To
survive a motion to dismiss, a complaint must contain sufficient
factual matter, accepted as true, to state a claim to relief that
is plausible on its face.'"  *Gonzales v. Kay*, 577 F.3d 600, 603
(5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949
(2009)) (internal quotation marks omitted).  The Supreme Court in
*Iqbal* explained that *Twombly* promulgated a "two-pronged approach"
to determine whether a complaint states a plausible claim for
relief. *Iqbal*, 129 S.Ct. at 1950.  First, courts must identify
those pleadings that, "because they are no more than conclusions,

11

are not entitled to the assumption of truth." *Id*. Legal conclusions "must be supported by factual allegations." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949.

Upon identifying the well-pleaded factual allegations, courts then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Here, Respondents have alleged facts, viewed in the light most favorable to Respondents, sufficient to raise a right to relief for those claims above a speculative level.

C.   <u>Motion to Sever - Standard</u>

Under the Federal Rules of Civil Procedure Rule 20, the joining of two or more defendants is allowed when a right to relief is asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"

and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. Pro. 20. Under the Federal Rule of Civil Procedure 21, a court can "sever any claim against a party." Fed. R. Civ. Pro. 21. Notably:

> There is no strict rule for determining what constitutes the same occurrence or series of transactions or occurrences for purposes of Rule 20(a). Furthermore, Rule 20(a) does not require that every question of law or fact in the action be common among the parties; rather, the rule permits party joinder whenever there will be at least one common question of law or fact.

*Guedry v. Marino*, 164 F.R.D. 181, 184 (E.D.La.1995) (citing 7 Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1653, at 387 (1986)). The instant action arose out of the same transaction or occurrence or series of transactions or occurrences, namely the execution of both contracts and the intertwinement as evidenced by certain clauses discussed above.

D.   Conclusion

For the reasons articulated above,

**IT IS ORDERED** that Dr. Fort's Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) (Rec. Doc. No. 14) and PFMDPA's Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. No. 17) are **DENIED**.

**IT IS FURTHER ORDERED** that, Dr. Fort's Motion to Dismiss for Failure to State a Claim (Rec. Doc. No. 15) is **DENIED**.

**IT IS FURTHER ORDERED** that PFMDPA's Motion to Sever (Rec. Doc. No. 18) is **DENIED**.

New Orleans, Louisiana, this 29TH day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE

14